**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4696**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RICHARD JERRY HICKS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:14-cr-00028-JPJ-PMS-2)

Submitted:  December 1, 2016          Decided:  December 9, 2016

Before AGEE and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Bragg, Abingdon, Virginia, for Appellant.   John P. Fishwick, Jr., United States Attorney, Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Richard Jerry Hicks of five counts relating to the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (c)(1)-(2), 858, 860a (2012). The district court sentenced Hicks to 180 months' imprisonment. The sole issue on appeal is whether the district court erred under Fed. R. Evid. 404(b) when it admitted evidence of Hicks' past conviction for manufacturing methamphetamine and the circumstances underlying that conviction.

We review a district court's Rule 404(b) rulings for abuse of discretion and will affirm unless "the district court judge acted arbitrarily or irrationally." United States v. Cabrera-Beltran, 660 F.3d 742, 755 (4th Cir. 2011) (internal quotation marks omitted). Rule 404(b)(1) prohibits the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Evidence of other crimes or bad acts, however, "may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In drug cases, this court generally admits evidence of a defendant's prior, similar drug conduct to prove the defendant's knowledge and intent. Cabrera-Beltran, 660 F.3d at

2

755. The evidence must also be relevant, necessary to prove an element of the offense, reliable, and admissible under Fed. R. Evid. 403.

Under Rule 404(b), we conclude that the district court did not abuse its discretion when it admitted evidence of Hicks' past drug conduct. The evidence satisfies each of the four requirements under Rule 404(b) and shows Hicks' knowledge of the methamphetamine production and intent to participate in the conspiracy. Moreover, we can distinguish the cases Hicks cites.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED